## No. 802

### HUFF et v. ZEIER et

### No. 19822.   Supreme Court

On motion to certify; Dock. May 18, 1926; 4 Abs. 322.

225.   CHARGE TO JURY—In an action to set aside a will on the ground that another will subsequently executed which had been lost, revoked the will which was probated, what should be the charge of the court concerning the evidence which will justify the jury in finding that a subsequent will was executed?

Mary J. Huff and George Zeier, Jr., brought this action originally in the Franklin Common Pleas against John H. Zeier, John H. Zeier, Executor, Rev. Bernard J. Hanna and Anna Zeier to set aside a probated will of George Zeier deceased, on the ground that a subsequent will had been executed, but was lost.

The court charged the jury that a preponderance of evidence would justify a verdict setting aside the will. This judgment was reversed by the Court of Appeals on the ground that the Cuort should have charged the jury that the evidence of execution and contents of the will must be clear, strong, positive, free from bias and convincing beyond a reasonable doubt.

At the second trial the court charged in accordance with the finding of the Court of Appeals but went further and used the expression "Free from doubt" and thereupon a verdict was returned in favor of the defendants. The Court of Appeals affirmed the Common Pleas.

The plaintiff in error here contends:

1. That the use of the expression "Free from doubt" was prejudicial error because it required the subsequent will to be proved as an absolute certainty.

2. That the fact that the court charged correctly otherwise will not raise a presumption that the jury followed the correct rule to the exclusion of the incorrect will.

Attorneys—Saffin, Sandles & Reed, and Oscar W. Newman for Huff; N. J. Weisend and Hogan, Hogan & Hogan for Zeier; all of Columbus.

Note—Motion to certify overruled, 4 Abs. 456.

---

## No. 803

### HAAS v. CLEVELAND RY. CO. et

### No. 19963.   Supreme Court

On motion to certify.   Dock. July 8, 1926; 4 Abs. 475.

829. NEGLIGENCE—Where there are joint defendants and a verdict has been directed by the Common Pleas Court in favor of both defendants in an action for damages for alleged negligence, may the Court of Appeals reverse the verdict for one defendant and affirm the other and at the same time find as a matter of law that the plaintiff was guilty of contributory negligence toward the defendant relieved from liability under the affirmance of the directed verdict by the Court of Appeals?

Helen Haas brought this action originally in the Cuyahoga Common Pleas against the Cleveland Railway Company and the City of Cleveland for damages.   The petition alleged that as she stepped from a street-car she injured by reason of a small hole in the ground under the step.

The Common Pleas directed verdicts in favor of both defendants.   The Court of Appeals affirmed the Common Pleas in directing a verdict in favor of the Railway Company, but reversed the verdict directed in favor of the City.

In the opinion of the Court of Appeals, Haas was found to have been guilty of contributory negligence as a matter of law and such negligence operated to preclude her from recovery against the Railway Company.   The opinion further stated that the city is different in nature and that the court erred in directing a verdict for it.

Haas in the Supreme Court contends:

That the decision of the Court of Appeals is absurd in that the trial court, when the case is retried, will be compelled to find that Haas committed contributory negligence as a matter of law, but that said contributory negligence would be no defense to the city.

Attorneys—Bernon, Mulligan, Keeley and Le Fever for Haas; Squire, Sanders & Dempsey for Company; all of Cleveland.